IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JAMES ARTHUR COCKHREN, ) | |
| MARGARET LOUISE COCKHREN, ) | Bankruptcy No. 11-00560 |
| ) | |
| Debtors. ) | |

## ORDER RE: MOTION FOR DISMISSAL; MOTION FOR ORDER DIRECTING SERVICE

This matter came before the undersigned on May 6, 2011 on Debtor's Motion for Dismissal. Debtors James and Margaret Cockhren appeared pro se. Attorney John Schmillen appeared for the U.S. Trustee. Attorney Ray Terpstra appeared for Creditor MidWestOne Bank. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Debtors request dismissal of their Chapter 7 case filed March 22, 2011. The U.S. Trustee objects. He states there may be assets available to administer for creditors and Debtors have failed to identify cause for dismissal. MidWestOne Bank also objects to dismissal of the case. It has made an offer to purchase any claims Debtors have against the Bank. Thus, the bankruptcy estate has this offer as well as other non-exempt assets available for creditors.

On May 4, 2011, U.S. Trustee filed a Motion for Order Directing Service of Debtors' Motion to Dismiss, asserting all creditors and parties in interest should receive 21 days' notice of a hearing on dismissal of the case. The notice should give a deadline for filing objections and Debtors should file proof of service.

The Bankruptcy Code does not provide a simple escape mechanism for Chapter 7 debtors who wish to abandon the case prior to discharge. In re Asbury, 423 B.R. 525, 529 (B.A.P. 8th Cir. 2010). "A Chapter 7 debtor has no absolute right to dismiss his or her case; in order to voluntarily dismiss the case, the debtor must show cause." Id., citing In re Turpen, 244 B.R. 431, 434 (B.A.P. 8th Cir.

2000). Courts consider the following factors when ruling on a debtor's motion to dismiss: "(1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending." Turpen, 244 B.R. at 434; In re Timmerman, 379 B.R. 838, 845 (Bankr. N.D. Iowa 2007). "Even if the Debtor can show cause for the dismissal, the bankruptcy court should deny the motion if there is any showing of prejudice to creditors." In re Maixner, 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003).

Debtors had the opportunity at the hearing to identify a cause for dismissal of this case. Mr. Cockhren stated that Debtors want out of bankruptcy because they don't want to mess up their credit if they don't have to. He relates this decision to his belief that truth-in-lending laws have been violated. The U.S. Trustee and counsel for the Bank, however, point out that the Chapter 7 Trustee is investigating the existence of non-exempt assets. Additionally, the Bank has made an offer to Trustee to purchase any claims Debtors assert against the Bank.

Based on the foregoing, the Court concludes that dismissal of this case is not appropriate. Debtors failed to show sufficient cause to dismiss the case, especially in light of the probability that assets exist for distribution to creditors. Therefore, the Court will deny Debtors' Motion for Dismissal. This ruling moots U.S. Trustee's Motion for Order Directing Service of Debtors' Motion to Dismiss.

**WHEREFORE**, Debtors' Motion for Dismissal is DENIED.

**FURTHER**, U.S. Trustee's Motion for Order Directing Service of Debtors' Motion to Dismiss (Doc. 26) is DENIED AS MOOT.

Dated and Entered:  May 13, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE